UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ALEJANDRO COURTNEY                               **CV**

                          Plaintiff,
      -against-                                                  **COMPLAINT**

GAJMO, LLC AND HEATONIST LLC             **JURY TRIAL REQUESTED**

                          Defendants.
------------------------------------------------------------x

## **COMPLAINT**

Plaintiff Alejandro Courtney (hereafter referred to as "Plaintiff"), by counsel, Parker Hanski LLC, as and for the Complaint in this action against Defendants Gajmo, LLC and Heatonist LLC (together referred to as "Defendants"), hereby alleges as follows:

## **NATURE OF THE CLAIMS**

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, Section 504 of the Rehabilitation Act ("Section 504") 29 U.S.C. § 794*, et. seq.,* the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-

1

mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2. These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, 29 U.S.C. § 794, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and Section 504 of the Rehabilitation Act. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5. At all times relevant to this action, Plaintiff Alejandro Courtney has been and remains currently a resident of the State and City of New York.

6. At all times relevant to this action, Plaintiff Alejandro Courtney has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7. Defendant Gajmo, LLC owns the property located at 121 Wythe Avenue in Kings County, New York (hereinafter referred to as "121 Wythe Avenue").

8. At all relevant times, defendant Heatonist LLC leases property located at 121 Wythe Avenue from the defendant Gajmo, LLC.

9. At all relevant times, defendant Heatonist LLC has and continues to operate a retail establishment at 121 Wythe Avenue (hereinafter referred to as the "Heatonist" premises).

10. Each defendant is licensed to and does business in New York State.

11. Upon information and belief, Gajmo, LLC and Heatonist LLC have a written lease agreement.

12. In or around 2020, Defendants received loans from the Small Business Administration (SBA) through the congressionally-created "Paycheck Protection Program," also known as a "PPP loan."

13. In May 2020, Heatonist LLC received $153,157 from the PPP loan.

14. Page 4 of the SBA application to receive a PPP loan states that "All businesses receiving SBA financial assistance must agree not to discriminate in any business practice … on the basis of categories cited in 13 C.F.R., Parts 112, 113, and 117 of SBA Regulations." And "the purpose of this part is to reflect to the fullest extent possible the nondiscrimination policies of the Federal Government as expressed in the several statutes … dealing with civil rights and equality of opportunity." 13 C.F.R. §

113.1

15. SBA regulations prohibit loan recipients from discriminating "with regard to goods, services, or accommodations offered or provided by the aided business or other enterprise, whether or not operated for profit, because of race, color, religion, sex, handicap, or national origin of a person, or fail or refuse to accept a person on a nonsegregated basis as a patient, student, visitor, guest, customer, passenger, or patron." 13 CFR § 113.3(a).

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Heatonist premises located at 121 Wythe Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

17. The Heatonist premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

18. Numerous architectural barriers exist at the Heatonist premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

19. Upon information and belief, at some time after 2012, alterations were made to 121 Wythe Avenue, including areas adjacent and/or attached to 121 Wythe Avenue.

4

20. Upon information and belief, at some time after 2012, alterations were made to the Heatonist premises, and to areas of 121 Wythe Avenue related to the Heatonist premises.

21. Heatonist advertises itself as the "purveyors of fine hot sauces". Heatonist offers complimentary guided tasting, selecting from over 100 varieties of small-batch, all natural hot sauces curated by its team from makers around the world.

22. Plaintiff enjoys hot sauces and frequently has people bring him back hot sauces from around the world.

23. Plaintiff became aware of Heatonist through YouTube and desired to visit their brick and mortar store in July of 2022.

24. Plaintiff learned of the Heatonist premises and desired to patronize. But Plaintiff wanted to make sure that he could get into the Heatonist premises. Accordingly, before traveling, Plaintiff went online and learned that a person must travel over a step in order to enter the Heatonist premises. Plaintiff did not see any signage at the inaccessible entrance to the Heatonist premises indicating or identifying that an accessible means of entrance existed.

25. Plaintiff uses a wheelchair for mobility and an entrance with a step is no different than a sign informing wheelchair users to "keep out". *See* 134 Cong. Rec. S10,454, 10,491 (1988) (statement of Sen. Simon) (noting that the architectural barriers are like "Keep Out" signs to the disabled).

26. Because of the open and obvious architectural barrier (i.e. the step) at the Heatonist premises, Plaintiff did not engage in the futile gesture of traveling to the Heatonist premises and trying to enter.

27. Plaintiff is deterred from accessing the Heatonist premises.

28. Plaintiff would like to access the Heatonist premises to sample their hot sauces and purchase products but Plaintiff is unable to do so because of the architectural barriers.

29. The services, features, elements and spaces of the Heatonist premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

30. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Heatonist premises that are open and available to the public.

31. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

32. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the Heatonist premises as well as architectural barriers that exist include, but are not limited to, the following:

I. The public entrance doorway is not accessible because of a step.
Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 Standards 4.1.3.8(a)(i).
Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1.
Defendants fail to provide that all its public entrances are accessible. See 2014 NYC 1105.1.

II. There is a step at the exterior side of the public entrance doorway has a change in level greater than ½ inch high.
Defendants fail to provide that changes in level greater than 1/2 inch high are ramped. See 1991 Standards 4.3.8, 2010 Standards 303.4, and 2014 NYC 303.3.

III. Defendants do not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit. See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4; and BCCNY § 1104.5.

IV. The public entrance doorway lacks maneuvering clearances at the door.
Defendants fail to provide an accessible door with level and sufficient maneuvering clearances. See 1991 Standards 4.13.6, 2010 Standards 404.2.4, and 2014 NYC 404.2.3.

V. The property owner defendant failed to provide an accessible entrance to the tenant defendant. See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404; Administrative Code § 27-362; and BCCNY § 1105.1.6.

VI. Defendants fail to provide that no changes in level exist inside the required minimum maneuvering clearance at the ground space in front of the public entrance door. See 1991 Standards§§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

33. Upon information and belief, a full inspection of the Heatonist premises will reveal the existence of other barriers to access.

34. As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Heatonist premises in order to catalogue and cure all of

the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

35. Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

36. Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

37. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Heatonist premises continue to exist and deter Plaintiff.

38. Plaintiff frequently travels to the area where the Heatonist premises is located.

39. Plaintiff intends to patronize the Heatonist premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

40. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Heatonist premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

41. Plaintiff intends to patronize the Heatonist premises several times a year as "tester" to monitor, ensure, and determine whether the Heatonist premises is fully

accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

## FIRST CAUSE OF ACTION
(**VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**)

42. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

43. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

44. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

45. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. 36.201(b).

46. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

47. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

48. Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily

accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

49. The Heatonist premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

50. Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

51. The paths of travel to the altered primary function areas accessible were not made accessible in violation of 28 C.F.R. § 36.403.

52. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

53. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

54. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

55. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

56. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
(**VIOLATIONS OF THE SECTION 504 OF THE REHABILITATION ACT**)

57. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

58. Plaintiff is an individual with a disability as defined by the Rehabilitation Act, 29 U.S.C. § 705(20).

59. Section 504 of the Rehabilitation Act of 1973 (hereinafter also referred to as "Section 504"), 29 U.S.C. § 794, and the regulations promulgated thereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .

60. Defendants have received federal financial assistance at all relevant times including, but not limited to, the PPP loan(s).

61. Through the acts and omissions alleged herein, Defendants have, solely because of Plaintiff's disabilities, excluded Plaintiff from participation in Defendants' programs and activities and denied Plaintiff the benefits of Defendants' programs and

activities, and subjected Plaintiff to discrimination in violation of 29 U.S.C. § 794, *et. seq.* and the regulations promulgated thereunder.

62. Plaintiff had an expectation interest of a discrimination free interaction with the Defendants at the Heatonist premises. But Defendants discrimination breached Plaintiff's expectation thereby causing Plaintiff to suffer damages based on impairment to expectation interest.

63. Defendants' acts and omissions described herein violate the equal access and nondiscrimination provisions of Section 504 and the regulations promulgated thereunder and have resulted in injury to Plaintiff.

64. Defendants have and continue to commit discrimination during the time when the PPP is or was outstanding.

65. Defendants acted with deliberate indifference to Plaintiff's rights guaranteed under Section 504.

66. Defendants have had actual knowledge of the discrimination due to, among other things, the open and obvious nature of the discriminatory condition and deliberately decided not to address the discrimination and institute corrective measures.

67. As a proximate result of Defendants' violations of Section 504, Plaintiff has been injured and continues to be injured, as set forth herein in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

68. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

69. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

70. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

71. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

72. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

73. Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

74. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

75. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

76. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

77. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

78. As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

79. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)**

80. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

81. Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range -and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

82. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be *construed liberally* for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. See also New York City Local Law 35 of 2016.

83. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

84. Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

85. Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

86. Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

87. Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

88. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

89. Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Gajmo, LLC continuously controlled, managed, and operated the public sidewalk abutting 121 Wythe Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

90. Gajmo, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

91. Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

92. Defendants' conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

93. Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including Plaintiff).

94. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

95. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

96. Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

97. By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

98. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

99. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

100. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

101. Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

102. Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

103. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

104. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, Section 504 of the Rehabilitation Act, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Section 504 of the Rehabilitation Act, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages and nominal damages as a result of Defendants' violations of Section 504 of the Rehabilitation Act, NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

19

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL;

H. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA and Section 504 of the Rehabilitation Act; and

I. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 9, 2022
      New York, New York

Respectfully submitted,

**PARKER HANSKI LLC**

By:  /s                 
Glen H. Parker, Esq.
Attorneys for Plaintiff
40 Worth Street, Suite 602
New York, New York 10013
Telephone: (212) 248-7400 ex. 15
Facsimile: (212) 248-5600
Email:ghp@parkerhanski.com